```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

MAUREEN JACKSON                  :

                                          :

   v.                            : Civil Action No. DKC 2005-3246

                                          :

JOHN AKRIDGE MANAGEMENT           :
COMPANY, et al.
                                          :

**MEMORANDUM OPINION**

As noted in the earlier order to show cause, this case was removed on December 2, 2005, from the Circuit Court for Prince George's County by one of the defendants, P&R Enterprises, Inc., based on an Amended Complaint joining it as a defendant, and invoking this court's diversity jurisdiction. The original complaint named only one defendant, the John Akridge Management Company. That defendant had filed an Answer in the Circuit Court on August 1, 2005, and did not exercise its right to remove at the time. After the notice of removal was filed by P&R Enterprises, Inc., the John Akridge Management Company purported to consent to removal in a Status Report filed by counsel for P&R on December 19, 2005.[1] Plaintiff objects to the removal and filed a motion to

---

[1] While the status report contains a "/s/" for the other counsel, it is not filed in conformity with this court's standard procedures for the electronic filing of documents signed by more than one attorney. *See Electronic Filing Requirements and Procedure*, III. E.2 (Aug. 11, 2003), *available at http://www.mdd.uscourts.gov.*

remand that has not been formally opposed by either of the defendants.

The Fourth Circuit follows the "first served" rule, requiring that a case be removed, if at all, within thirty days of the time the first defendant is served in a diversity case. In *McKinney v. Board of Trs. Of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992), the court held that: "[I]ndividual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." In discussing the rationale for that holding, the court remarked on a slightly different timing situation than presented in that case:

> In a different situation, where B is served *more than* 30 days after A is served, two timing issues can arise, and the law is settled as to each. First, if A petitions for removal within 30 days, the case may be removed, and B can either join in the petition or move for remand. *See* 28 U.S.C. § 1448. Second, if A does *not* petition for removal within 30 days, the case may not be removed. *See, e.g., Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D.Mo. 1981).

*McKinney*, 955 F.2d at 926 n.3 (emphasis in original). Here, of course, P&R was not even a party to the case at the time John Akridge was served and had thirty days to remove. Other courts have concluded, however, that the later added defendant does not have a right to remove under these circumstances. *See, e.g., Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F.Supp.2d 1131, 1134-35 (D.Colo. 2004); *Paradise Motors, Inc. v. Toyota de*

2

*Puerto Rico Corp.*, 249 F.Supp.2d 698, 701 (D.V.I. 2003). *But see Ratliff v. Workman*, 274 F.Supp.2d 783, 791 (S.D.W.Va. 2003).

Defendants contend that the court should follow the developments since the Fourth Circuit decided *McKinney*, particularly *Marano Enters. v. Z-Teca Rests., L.P.*, 254 F.3d 753 (8th Cir. 2001) and *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999).

In *Marano Enterprises*, the Eighth Circuit adopted what it recognized as the minority rule, as had the Sixth Circuit in *Brierly*. In doing so, it noted the position of the Fourth Circuit:

> The Fourth Circuit has held that § 1446(b) gives "individual defendants . . . thirty days from the time they are served with process or with a complaint to join in an *otherwise valid* removal petition." *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992) (emphasis added). This position is fully in keeping with the first-served rule: it still requires that the first-served defendant file a notice of removal within thirty days and precludes a later-served defendant from instigating removal if more than thirty days have passed since the first defendant was served.

*Marano Enters.*, 254 F.3d at 755 n.4.

In a recent opinion, Judge Rebecca Beach Smith clearly set forth the rationale for continuing to follow *McKinney*:

> First, the requirement that the removal notice be filed within thirty days from the date that the first-served defendant is served is a necessary premise to *McKinney's* holding that later-served defendants, served within thirty days from the date that the first-served defendant is served, have thirty

days from their receipt of service to join "an otherwise valid removal petition." *See McKinney*, 955 F.2d at 928. *McKinney's* holding presumes that a removal notice has been filed within thirty days from the date that the first-served defendant is served for there to be an "otherwise valid" removal notice for later-served defendants to join. Second, numerous courts, including this one, have interpreted the "*McKinney*" rule as requiring a removal notice to be filed within thirty days from the date of service on the first-served defendant. Third, even if dictum, statements by the court of appeals are to be given considerable weight. "Only when a district court is convinced that its court of appeals' dictum is clearly incorrect should the dictum be disregarded." *Branch* [*v. Coca-Cola Bottling Co. Consol.*], 83 F.Supp.2d [631] at 635-37 [(D.S.C. 2000)] (rejecting the argument that *McKinney* dictum should be disregarded and the last-served defendant rule should be adopted and "unhesitatingly adopt[ing] the *McKinney* dictum as the controlling legal principle").

No Supreme Court or Fourth Circuit case has overruled *McKinney* or the dictum therein. Under the *McKinney* rule, each defendant is entitled to thirty days from the date it is served to file (or join in) a removal notice. Chesapeake, the first-served defendant, was entitled to thirty days from the date that it was served to file (or join in) a removal notice, and Basso, the later-served defendant, served within thirty days from the date that Chesapeake was served, was entitled to initiate removal within thirty days from the date that Chesapeake was served or join in an otherwise valid removal within thirty days from its receipt of service. If Chesapeake was the only defendant in this action, its failure to remove within thirty days from the date that it was served would render removal invalid. It is not inequitable to impose the same time period for removal in the context of multiple defendants.

>Furthermore, the *McKinney* rule is consistent with the purpose of imposing a thirty day period for removal to prevent undue delay and waste of state judicial resources. *See Lovern* [*v. Gen. Motors Corp*.], 121 F.3d [160] at 163 [(4th Cir. 1997)]. Under the last-served defendant rule, espoused by the defendants, removal may be initiated by a later-served defendant more than thirty days from the date of service on the first-served defendant. The *McKinney* rule is also consistent with the rule of unanimity in that if a later-served defendant, served within thirty days from the date of service on the first-served defendant, decides not to join an otherwise valid removal notice within thirty days after its receipt of service, then removal is improper and the action must proceed in state court. *See Branch*, 83 F.Supp.2d at 636. Finally, the *McKinney* rule is consistent with the principle that removal statutes must be strictly construed. *See Mulcahey* [*v. Columbia Organic Chems. Co.*], 29 F.3d [148] at 151 [(4th Cir. 1994)].

*Guyon v. Basso*, __ F.Supp.2d __, No. 2:05CV448, 2005 WL 3338673, at *4-5 (E.D.Va. Dec. 8, 2005)(footnotes omitted).  For the same reasons, this court declines to overlook *McKinney* based on cases from other circuits and, by separate order, this case will be remanded.

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　United States District Judge